MARTIN, Circuit Judge,
concurring in result only:
I agree with the Majority that the District Court is due to be affirmed on its denial of Mr. Anderson’s claim that his trial counsel was ineffective for failing to conduct a reasonable mitigation investigation, and present an adequate mitigation case. I cannot, however, agree with all of the Majority’s reasoning, so I write separately.
To begin, the Majority is certainly correct that the Florida Supreme Court’s adjudication of Mr. Anderson’s penalty phase ineffective assistance of counsel claim is entitled to deference under the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2254(d). At the same time, in order to succeed on a claim of ineffective assistance of counsel, a habeas petitioner must establish both deficient performance by his counsel, and that he was prejudiced by his counsel’s deficient performance. Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). Because Mr. Anderson did not establish the first required element, I would make no decision about the second. Specifically, I would affirm the District Court’s denial of relief based on its finding that counsel was not deficient in his performance, and express no opinion about whether Mr. Anderson was prejudiced under the facts of this case. See id. (“[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.”).
I do not share the Majority’s confidence that the Florida Supreme Court reasonably applied the prejudice prong from *911 Strickland within the meaning of 28 U.S.C. § 2254(d)(1). In particular, I have serious concerns about whether the Florida Supreme Court reweighed the totality of mitigating evidence against all the aggravating evidence, old and new. See Porter v. McCollum, 558 U.S. 30, 41, 130 S.Ct. 447, 453-54, 175 L.Ed.2d 398 (2009) (holding, to assess prejudice in a capital sentencing proceeding, “we consider ‘the totality of the available mitigation evidence — both that adduced at trial, and the evidence adduced in the habeas proceeding’ — and ‘reweig[h] it against the evidence in aggravation’ ”) (alteration in original) (quoting Williams v. Taylor, 529 U.S. 362, 397-98, 120 S.Ct. 1495, 1515, 146 L.Ed.2d 389 (2000)). A proper reweighing of the evidence should have included both the positive character evidence presented at trial, as well as the sexual abuse and mental health evidence presented during the state postconviction proceedings.
My concerns are heightened here by the fact that the mitigating evidence that Mr. Anderson’s counsel failed to discover (and present to the jury) includes evidence that Mr. Anderson was violently sexually abused for several years as a child. The evidence was also that Mr. Anderson developed post-traumatic stress disorder and other mental health issues as a result of this abuse. Mr. Anderson’s horrific history of child sexual abuse “is the kind of troubled history that the [Supreme] Court has ‘declared relevant to assessing a defendant’s moral culpability.’ ” Johnson v. Sec’y, DOC, 643 F.3d 907, 936 (11th Cir.2011) (quoting Wiggins v. Smith, 539 U.S. 510, 535, 123 S.Ct. 2527, 2542, 156 L.Ed.2d 471 (2003)).
Neither do I agree with the Majority’s categorical assertion that the remoteness of Mr. Anderson’s sexual abuse diminishes its weight as mitigation. Mr. Anderson presented evidence in the state court post-conviction proceedings that he developed post-traumatic stress disorder as a result of being the victim of violent and repeated sexual abuse. Also, this Court has recognized, albeit in a different context, the grave and enduring harm that sexual abuse of children inflicts on its victims:
[T]he victim’s fright, the sense of betrayal, and the nature of her injuries caused more prolonged physical and mental suffering than, say, a sudden killing by an unseen assassin. The attack was not just on her but on her childhood.... Rape has a permanent psychological, emotional, and sometimes physical impact on the child. We cannot dismiss the years of long anguish that must be endured by the victim of child rape.
United States v. Irey, 612 F.3d 1160, 1207 (11th Cir.2010) (en banc) (alteration in original) (quoting Kennedy v. Louisiana, 554 U.S. 407, 435, 128 S.Ct. 2641, 2658, 171 L.Ed.2d 525 (2008)).
Despite my reservations about the Majority’s conclusion on prejudice, I do agree with the Majority’s conclusion that the Florida Supreme Court’s finding of no deficient performance is entitled to deference. “A state court’s determination that a claim lacks merit precludes federal habe-as relief so long as fairminded jurists could disagree on the correctness of the state court’s decision.” Harrington v. Richter, -U.S.-,-, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (quotation marks omitted). That said, I am troubled that trial counsel simply left a questionnaire with Mr. Anderson to fill out on his own, which inquired into sensitive aspects of his background that might be embarrassing, such as child sexual abuse. Child sex abuse victims often feel shame as a result of the abuse they suffered, and therefore may be hesitant to reveal it without a more sensitive inquiry. But while this method of *912 investigation is not a method that should be encouraged for future cases, the Majority correctly sets out the ways in which counsel conducted a thorough background investigation and presented a substantial case for mitigation at Mr. Anderson’s trial. Thus, the Florida Supreme Court’s adjudication of counsel’s performance was not objectively unreasonable.